RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/15/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAX MEHIGHLOVESKY | DOCKET NO. 14-CV-2756; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LASALLE DETENTION CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Maxim Mehighlovesky filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. At the time of filing, Plaintiff was an inmate in the custody of the Department of Homeland Security. He claimed that, while at Lasalle Correctional Center, he was subjected to excessive force by unidentified officers. According to his latest filing and U.S. Immigration and Customs Enforcement (ICE), Plaintiff was released on an order of supervision, and he is no longer in custody.

Plaintiff named as defendants several unidentified GEO Officers, the LaSalle Detention Facility, and U.S. Immigration & Customs Enforcement. However, ICE, an agency under the Department of Homeland Security, is an arm of the United States government. Thus, it is immune from civil rights actions under the doctrine of sovereign immunity. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir.1999); Unimex, Inc. v. United States Dep't of Hous. & Urban Dev., 594 F.2d 1060, 1061 (5th Cir.1979). Absent a waiver of sovereign immunity, federal agencies may not be sued. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

Nor can Plaintiff sue LaSalle Detention Facility. A detention facility is merely a building, not a "person" subject to suit under 42 U.S.C. §1983. See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998); Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981); Blunt v. Bowles, 1997 WL 527322 (N.D.Tex. 1997)(citing Darby v. Pasedena Police Department, 939 F.2d 311, 313-14 (5th Cir. 1991); Oladipupo v. Austin, 104 F.Supp.2d 626, 641-42 (W.D.La. 2000).

*The only individuals named in the suit are several "John Doe" officers. Service of process cannot be made on unidentified individuals. Plaintiff's claims may be served on the remaining defendants once they have been identified by Plaintiff or his counsel, should he chose to hire counsel now that he has been released from custody.*

## Conclusion

For the foregoing reasons, Plaintiff has failed to state a claim against ICE and the LaSalle Correctional Facility in Jena, Louisiana. Therefore, **IT IS RECOMMENDED** that **ICE** and **LaSalle Correctional** be **DISMISSED** from this suit, with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B).

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE