RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6/24/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAX MEHIGHLOVESKY | DOCKET NO. 14-CV-2756; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LASALLE DETENTION CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Max Mehighlovesky filed the instant civil rights complaint while he was in the custody of the Department of Homeland Security. He claimed that, while at Lasalle Correctional Center, he was subjected to excessive force by unidentified officers. According to Plaintiff and the U.S. Immigration and Customs Enforcement (ICE), Plaintiff was released on an order of supervision, and he is no longer in custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Plaintiff named as defendants several unidentified GEO Officers, the LaSalle Detention Facility, and U.S. Immigration & Customs Enforcement. However, ICE was dismissed under the doctrine of sovereign immunity. The LaSalle Detention Facility was dismissed because it is merely a building, not a "person" subject to suit under 42 U.S.C. §1983. [Doc. #15, 16]

The only individuals named in the suit are several "John Doe"


officers. Plaintiff was advised that <u>service of process cannot be made on unidentified individuals</u>. [Doc. #15] **Plaintiff is now out of custody [Doc. #14] and able to hire an attorney to assist in the prosecution of his claim, but it does not appear that he has chosen to do so.** He has still failed to identify any of the "John Doe" officers.

*Law and Analysis*

The federal rules make no provision for joining fictitious or "John Doe" defendants in an action under a federal statute. See <u>Dragos v. DHS/ICE</u>, 2014 WL 7461841 (W.D.La. 1/2/14); <u>Staritz v. Valalez</u>, No. 3:06-cv-1926-D, 2007 WL 1498285, at *2 (N.D.Tex. May 21, 2007) ("Unless and until plaintiff is able to identify these guards, the court cannot direct service on the proper defendants."); <u>Gray v. Thompson,</u> 2002 WL 1544867 (N.D.Tex. 7/10/02) (citing <u>Vollmer v. Bowles</u>, 1997 WL 102476 at *2 (N.D.Tex. Feb.28, 1997) (Fitzwater, J.), <u>citing</u> <u>Sigurdson v. Del Guercio</u>, 241 F.2d 480, 482 (9th Cir.1956) (claims against "John Doe" defendants dismissed as frivolous because federal rules make no provision for joining fictitious defendants in an action under a federal statute). The Court simply cannot direct service of process on "John Does" as there would be no individual to serve.

Although conducting discovery could potentially determine the identities of the "John Does," Plaintiff has not named a single defendant to whom discovery could even be directed. <u>Cf.</u>, <u>Cowart v.</u>

2

Dallas County Jail, 439 Fed.Appx. 332 (5th Cir. 2011). Moreover, Plaintiff has been free from custody since December 2014. Thus, he no longer faces the constraints imposed by incarceration with regard to conducting research and obtaining counsel of his choosing. Plaintiff has had ample time and opportunity to seek the advice of counsel, to retain counsel to handle his claim, or to seek specific information through the Freedom of Information Act, a public records request for documents, or independent research. He has still failed to provide the names or address of any defendants for service of process or otherwise prosecute his claim.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be

3

considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 24th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE